**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADRIAN KEITH CHESTERMAN,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

Defendants.

Case No. 26-cv-06560

**Judge Elaine E. Bucklo**

**Magistrate Judge Young B. Kim**

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff ADRIAN KEITH CHESTERMAN ("Chesterman" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Chesterman having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Chesterman having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Chesterman has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Chesterman's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-444-991; VA 2-444-985; VA 2-445-061; VA 2-444-988; VA 2-444-990; VA 2-444-999; VA 2-445-070; VA 2-445-084; VA 2-444-989; VA 2-445-001; and VA 2-444-986 (the "Adrian Chesterman Works") to residents of Illinois. In this case, Chesterman has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Adrian Chesterman Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Adrian Chesterman Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Chesterman's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Adrian Chesterman Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Adrian Chesterman product or not authorized by Chesterman to be sold in connection with the Adrian Chesterman Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Adrian Chesterman product or any other product produced by Chesterman, that is not Chesterman's or not produced under the authorization, control, or supervision of Chesterman and approved by Chesterman for sale under the Adrian Chesterman Works;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Chesterman, or are sponsored by, approved by, or otherwise connected with Chesterman; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Chesterman, nor authorized by Chesterman to be

sold or offered for sale, and which bear any of Chesterman's registered copyrights, including the Adrian Chesterman Works, or any reproductions, infringing copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Adrian Chesterman Works; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Adrian Chesterman Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Adrian Chesterman product or not authorized by Chesterman to be sold in connection with the Adrian Chesterman Works.

3. Upon Chesterman's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall, within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Adrian Chesterman Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Chesterman is awarded statutory damages from each of the Defaulting Defendants in the amount of five thousand dollars ($5,000) for willful use of infringing Adrian Chesterman Works on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, Temu, and Walmart, are hereby released to Chesterman as partial payment of the above-identified damages, and Third Party Providers, including Amazon, Temu, and Walmart, are ordered to release to Chesterman the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Chesterman has recovered full payment of monies owed to it by any Defaulting Defendant, Chesterman shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Chesterman identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Chesterman may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants

by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Adrian Keith Chesterman and any e-mail addresses provided for Defaulting Defendants by third parties.

9. The ten thousand dollars ($10,000) cash or surety bond posted by Chesterman is hereby released to Chesterman or Plaintiff's counsel, JiangIP LLC, 33 West Jackson Boulevard, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the cash or surety bond previously deposited with the Clerk of the Court to Chesterman or Plaintiff's counsel.

This is a Default Judgment.

Dated: 9/17/2026

Elaine E. Bucklo
United States District Judge

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | PaiWeiYeYa |
| 2 | NanChangDuiJinFuWeiWangLuoKeJiYouXianGongSi |
| 3 | [redacted] |
| 4 | The Cozy Corner Art |
| 5 | [redacted] |
| 6 | 东机电子店 |
| 7 | yuannengliangwuzhoukejiyouxiangongsi |
| 8 | [redacted] |
| 9 | fuxinmengguzuzizhixianchunquannongzi |
| 10 | [redacted] |
| 11 | [redacted] |
| 12 | [redacted] |
| 13 | Japan Books and Sounds |
| 14 | OZAKIショップ |
| 15 | DingZang |
| 16 | [redacted] |
| 17 | LAICAI-ICBC |
| 18 | qixianchaozhongshangmaoyouxiangongsi |
| 19 | [redacted] |
| 20 | luoyanghuajunjianzhugongcheng |
| 21 | xuanenshinengxinnengyuanyouxiangongsi |
| 22 | SkyNBillion |
| 23 | [redacted] |
| 24 | QUNNKASUJ |
| 25 | Rosy d |
| 26 | Guanzhiran Direct |
| 27 | [redacted] |
| 28 | JZ carpet and blanket |
| 29 | JZ FCustom |
| 30 | YbeautyblanketY |
| 31 | NZLHOMESHOP |
| 32 | Ling flowers optimization |
| 33 | Harmony Living Space |
| 34 | CharmingHomeCollections |

| | |
|---|---|
| 35 | XM Homeshop |
| 36 | SUNDAQI |
| 37 | CX Homeshop |
| 38 | wanmshop |
| 39 | DDhomeshop |
| 40 | Lololly |
| 41 | HuaFengshop |
| 42 | WearCraft |
| 43 | Ljw shop |
| 44 | [redacted] |
| 45 | linyafe |
| 46 | XIONGWENWEN |
| 47 | Lunorar |
| 48 | Esports Commerce trade |
| 49 | BJHASDBA |
| 50 | funny puzzle for hc |
| 51 | PuzzlePick |